UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARTIN BAASCH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARLES T. HAGEL, )<br>as United States Secretary of Defense, )<br>)<br>Defendant. )<br>) | Civil Action No. 13-674 (RJL)<br><br>**FILED**<br>JAN 2 8 2014<br>Clerk, U.S. District & Bankruptcy<br>Courts for the District of Columbia |

### MEMORANDUM ORDER
(January 26, 2014) (Dkt. #1)

This matter comes before the Court on review of *pro se* plaintiff Martin Baasch's ("Baasch" or "plaintiff") petition for a writ of habeas corpus. Upon consideration of the facts in the petition and the relevant law, the plaintiff's petition is DENIED.

On May 3, 2013, plaintiff filed the instant petition for a writ of habeas corpus. *See* Pet. for a Writ of Habeas Corpus ("Pet.") [Dkt. #1]. Plaintiff is a German citizen, living in his hometown of Kiel, in northern Germany. Pet. at 10. Plaintiff alleges that, since 2004, he has been the target of "some kind of biological weapon . . . under the supervision of the [U.S.] Department of Defense." *Id.* at 1, 10. Plaintiff claims this biological weapon is a form of "psychological prison," in which he has been held in military custody for more than eight years. *Id.* at 3. This biological weapon also allegedly caused plaintiff to think he was "contacted by some kind of alien life form" and "allowed to order goods via [the] internet without payment, order a credit card without

appropriate income, [and not have] to pay the rent and the telephone bill." *Id.* Contrary to the "intense feeling of almightiness" this biological weapon allegedly caused plaintiff, he also claims the weapon causes him "strong pain" resulting from the various images, dreams, sounds, and voices it "broadcast into [his] brain." *Id.* at 1, 10, 11.

The Court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(1)(B), 1915(b)(1). In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court states that the trial court has the authority to dismiss not only claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. Claims describing fantastic or delusional scenarios fall into the category of cases whose factual contentions are clearly baseless. *Id.* at 328. The trial court has the discretion to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Furthermore, "[a] complaint may be dismissed on jurisdictional grounds when it is patently insubstantial, presenting no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)) (internal quotations and citations omitted).

The Court is mindful that complaints filed by *pro se* litigants are, of course, held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Unfortunately for the plaintiff, on careful review of the petition and its vague and unsupported allegations of mental imprisonment by some unspecified DOD biological weapon, the Court concludes that the plaintiff's petition for a

writ of habeas corpus must be dismissed as frivolous. *See, e.g., Bickford v. Gov't of the U.S.*, 808 F. Supp. 2d 175, 182 (D.D.C. 2011) (concluding that plaintiff's "laundry list of wrongful acts and conclusory allegations to support her theory of a conspiracy," were "insufficient to allow the case to go forward" (citations omitted)); *Curran v. Holder*, 626 F. Supp. 2d 30, 34 (D.D.C. 2009) ("dismiss[ing] for lack of subject matter jurisdiction all of plaintiff's claims which are premised on a theory that defendants are conducting surveillance of her as part of a 'national security investigation' and harassing her and her family"); *Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 233 (D.D.C. 2007) (finding "claims are frivolous and patently insubstantial because it describes a 'fantastic and delusional scenario'").

## CONCLUSION

For all of the above reasons, the petition is frivolous and must be dismissed. *See* 28 U.S.C. § 1915(e)(1)(B). Accordingly, it is hereby

**ORDERED** that plaintiff's Petition for a Writ of Habeas Corpus is **DENIED**; and it is further

**ORDERED** that the above-captioned case is **DISMISSED** with prejudice.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge